# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

DONALD HAYS
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 11-30261

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case.

Defendant is 58 years old, married, and the father of two adult sons. The criminal complaint describes two bank robberies in the District of Maryland, the first act allegedly committed by defendant and his co-defendant three days before the second act (on January 7, 2011 and January 10, 2011, consecutively). It is Defendant's co-defendant who revealed defendant's alleged involvement to authorities. CONTINUE ON PAGE 2

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 17, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

11-30261 USA V DONALD HAYS                                                PAGE 2

Defendant is unemployed and is financially supported by his wife. From 2007 - 2009 he worked as a cab driver for Checker Cab in Detroit, and for two years before that he was employed as a truck driver.

Defendant has used as many as eight (8) alias names in his past and two different dates of birth. He has an outstanding warrant for failing to appear following gaming charges in Atlantic City, New Jersey (10/05/08), an outstanding warrant (1/8/09) for failure to appear on a felony forgery charges in New Jersey and a third outstanding warrant for failure to appear on a traffic offense in the 36th District Court in Detroit (5/13/11).

His life-long criminal history of arrests and convictions recites more than 15 contacts ranging from unlawful use of weapons, stolen vehicle, escape and flight, felony motor vehicle unlawful driving away, burglary, stolen vehicle, burglary, assault, weapons offense, forced entry, felony assault with a dangerous weapon, felony firearms, felony escape from jail through violence and assault of jail employee, receiving stolen property, conspiracy felony assault, felony forgery and counterfeiting, felony uttering and publishing, casino fraud, operating a vehicle while impaired, and most recently before the instant charges were brought, misdemeanor retail fraud.

Defendant admits to a 40 year daily heroin habit beginning at the age of 18 (he is 58 years old). He admits to snorting or injecting the heroin and estimates he uses ½ a gram daily, last using Saturday, May 14, 2011. He denies ever receiving treatment for his drug use. His urine specimen tested positive for cocaine and opiates.

Defendant suffers from seizures, high blood pressure, and his wife states that he has been diagnosed as bipolar. Defendant admits to having auditory and visual hallucinations and has contemplated suicide. He alluded to treatment for his mental health issues, but neither he nor his wife could name his treating physician.

Defendant has three outstanding failure to appear warrants and one felony escape from jail using violence. He has a very extensive and continuing criminal history. His heroin habit is a 40 year daily habit and he is unemployed. He has a mental health history and has used more than 8 aliases or false identifications and at least to false dates of birth. Furthermore the nature of the offenses charged involve bank robbery and describe two successful heists three days apart in the District of Maryland.

Based on all of the above, Defendant poses a risk of nonappearance by a preponderance of the evidence, as well as a danger to the community, by clear and convincing evidence. Defendant has failed to rebut the presumption of detention. There is no condition of bond or combination of conditions which would assure Defendant's appearance in court or the safety of the community. Therefore Detention is Ordered.